IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DHL WORLDWIDE EXPRESS; DHL PENSION PLAN; DHL WORLDWIDE EXPRESS LS & RP<br><br>    Plaintiffs,<br><br>    v.<br><br>JOSE JUAN IRIZARRY GARCIA; JOSE JUAN IRIZARRY; JOSE I. IRIZARRY; IVANA C. IRIZARRY; JOSEPH R. IRIZARRY RODRIGUEZ; DEFENDANTS A,B,C,<br><br>    Defendants. | CIVIL NO. 04-1311 (JAG) |

**REPORT AND RECOMMENDATION**

On March 6, 2007, DHL Worldwide Express, DHL Pension Plan and DHL Worldwide Express LS & RP (collectively "DHL"), José Juan Irizarry Betancour and Maida García Acosta, the latter two parents of minors José Juan Irizarry García and Ivana C. Irizarry García (collectively "Defendants") filed a Settlement Stipulation. Docket 9. On March 7, 2007, the Honorable Jay A. García Gregory referred to the undersigned the settlement agreement in this case involving minors. Docket 11. On May 23, 2007, an order was entered setting a hearing for May 31, 2007, and asking the parties, as well as the Special Prosecutor / Solicitor of Minors for Family Affairs of the Department of Justice of the Commonwealth of Puerto Rico ("Special Prosecutor for Family Affairs"), to address the following issues at the hearing regarding the proposed Settlement Stipulation:

    1)    Whether the life insurance proceeds will be distributed equally among the minors José Juan Irizarry-García and Ivana C. Irizarry-García;

DHL Worldwide Express et al. v. José Juan Irizarry García et al.
Civil No. 04-1311 (JAG)
Report and Recommendation
Page No. 2

    2)    Whether the life insurance proceeds will be deposited in interest bearing savings accounts or in some other form of investments;

    3)    Whether a financial institution or investment company has been selected where the life insurance proceeds will be deposited or invested;

    4)    The guarantees and/or risks present within the type of account or security in which the life insurance proceeds will be deposited or invested; and

    5)    Whether such accounts, securities or instruments prevent full or partial withdrawal of the life insurance proceeds prior to minors José Juan Irizarry-García's and Ivana C. Irizarry-García's legal age, except for extraordinary circumstances.

Docket 13. The hearing was eventually rescheduled to June 7, 2007, because the Special Prosecutor for Family Affairs could not attend on May 31, 2007. Dockets 14-15. On June 7, 2007, a hearing was held in which attorneys for plaintiffs and defendants, as well as Special Prosecutor for Family Affairs Vivian Acosta Ruiz, attended. Docket 16. During the hearing, the five issues mentioned above were addressed.

    Regarding the first point of inquiry, the Court has been advised that separate accounts will be opened for the minors in which the amount currently consigned with the Court will be invested in equal shares. Docket 19, ¶2(a). With respect to the second and fourth points of inquiry, the Court has been informed that the funds will be invested in United States Government obligations (Treasury Bonds Zero Coupon), classified -/AAA. Id. at ¶2. Furthermore, the Court has been informed that the yield of return for one minor will be 4.853%, while for the other minor the expected yield will

DHL Worldwide Express et al. v. José Juan Irizarry García et al.
Civil No. 04-1311 (JAG)
Report and Recommendation
Page No. 3

be 5.012%. Id. at ¶2(b) and (c).[1]

Turning now to the third point of inquiry, defendants have informed that the U.S. Treasury bonds would be maintained by UBS under the terms and conditions ordered by the Court. Id. at ¶4. Finally, as to the fifth issue of concern, the defendants have informed that "[t]he use of the funds invested, prior to maturity, is not visualized since the ordinary and normal cost of providing for the minors ... will be defrayed by ... [their parents] with custody and patria potestas, from their own funds, as is their obligation under the Civil Code of Puerto Rico." Id. at ¶5. In the undersigned's view, however, it is important that clause 7(d) of the proposed settlement agreement be modified. Said clause currently reads:

> José Juan Irizarry Betancourt and Maida García Acosta are entitled to administer the funds consigned for the benefits of their children, without the need of intervention of the Solicitor General and/or the courts with patria potestas up to $2,000... Consequently, José Juan Irizarry Betancourt and Maida García Acosta expressly acknowledge that they will not be entitled to use, dispose of, alienate, transfer, assess, encumber and/or pledge the received funds in any amount exceeding $2,000.00 without previous authorization of the pertinent Court with jurisdiction, competence and parents patria over the named defendant minors.

Docket 9 at ¶7(d).

The current wording of clause 7(d) in the proposed Settlement Stipulation may open the door for multiple withdrawals of less than $2,000 each without prior approval of the Court or the intervention of the Solicitor General, thus exposing the minors' investments to the possibility of depletion prior to reaching their adulthood. Hence, it is recommended that said clause be amended

---

[1] One minor was born on May 7, 1993, while another minor was born on August 19, 1994. Docket 19 at ¶2(b) and (c). Therefore, the maturity date of one investment will be May 27, 2014, while the maturity date of another investment will be August 19, 2015, thus explaining the slight difference in yields of return. Id.

<u>DHL Worldwide Express et al. v. José Juan Irizarry García et al.</u>
Civil No. 04-1311 (JAG)
Report and Recommendation
Page No. 4

to read: "José Juan Irizarry Betancourt and Maida García Acosta expressly acknowledge that they will not be entitled to use, dispose of, alienate, transfer, assess, encumber and/or pledge the received funds in any amount prior to the minors José Juan Irizarry-García's and Ivana C. Irizarry-García's attainment of legal age, except for extraordinary circumstances, in which case previous authorization of the Court with competent jurisdiction shall be necessary."

WHEREFORE, it is recommended that the parties be ordered to amend the proposed Settlement Stipulation to include the provisions described above (also contained in the motion with docket #19) and to amend clause 7(d) of the Settlement Stipulation that has been filed.  Once these amendments have been made, it is recommended that the Settlement Stipulation be approved by the Court.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order.  <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-151 (1st Cir. 1994); <u>United States v. Valencia</u>, 792 F.2d 4 (1st Cir. 1986).

San Juan, Puerto Rico, this 12th day of July, 2007.

                                           s/Marcos E. López
                                           MARCOS E. LOPEZ
                                           UNITES STATES MAGISTRATE JUDGE